UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JIM SCHUMACHER, LLC, ) | |
| ) | CIVIL ACTION NO. 3:12-CV-625-KKC |
| PLAINTIFF ) | |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| SPIREON, INC., PROCON, INC., ) | |
| PROCON GPS, INC., PROCON FLEET ) | |
| SERVICES, INC., ENFOTRACE GPS, INC., ) | |
| SYSLOCATE, INC., DRIVEOK, INC. ) | |
| ) | |
| DEFENDANTS ) | |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on two related motions. Defendants have filed a motion to dismiss for failure to state a claim, upon which relief may be granted. (DE 17). Plaintiff responded and filed a motion to amend its complaint. (DE 20, 21, 26).[1] Because Plaintiff's supplemental motion to amend (DE 26) would not cure two important deficiencies in the original complaint, Plaintiff's motion to amend, as Plaintiff proposes, is denied as futile. *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir. 2005). However, Defendants' motion to dismiss is also denied as moot, because this Court will grant Plaintiff leave to amend its complaint on or before October 1, 2013 to cure two important defects, failure to adequately plead complete diversity of all Defendants and failure to plead sufficient facts to support claims against each Defendant. After the amended complaint is filed, Defendants may reassert all applicable arguments in a motion to dismiss.

---

[1] For purposes of this Order, Plaintiff's supplemental motion to amend (DE 26) is treated together with its original motion to amend (DE 21) because the supplemental motion to amend (DE 26) appears only to address compliance with L.R. 15.1 of the E.D. of Tenn. It does not appear to address the two deficiencies at issue in this Order.

**I. Background**

On December 3, 2012, Plaintiff, Jim Schumacher, LLC, filed a complaint against Spireon, Inc. and six other corporate Defendants. (DE 1). In its complaint, Plaintiff asserts state law claims of breach of contract, intentional interference with contract, fraud, detrimental reliance, and unjust enrichment. (DE 1). Thus, the only asserted ground for subject matter jurisdiction is diversity of citizenship. (DE 1). On February 11, 2013, Defendants together filed a motion to dismiss. (DE 17).

Defendants first argue that Plaintiff's claims should be dismissed for failure to adequately plead subject matter jurisdiction. (DE 18, p.2). Defendants correctly reason that Plaintiff has not pleaded the citizenship of each of its members as required of an LLC in a diversity case. (DE 18). Plaintiff's supplemental amended complaint would have remedied this issue by providing the citizenship of the LLC's only member, but Plaintiff's pleading of subject matter jurisdiction, even in its supplemental motion to amend, is inadequate. (DE 21, 26). Defendants also move to dismiss for failure to allege wrongdoing as to six of seven Defendants, (DE 18, p. 17) and Plaintiff should remedy the issue in the new amended complaint consistent with this Order.

**II. The Plaintiff must file an Amended Complaint**

This Court grants Plaintiff leave to amend to properly allege subject matter jurisdiction, as well as to state specific allegations against each Defendant. The failure to properly allege each Defendant's citizenship was not raised by Defendants and Plaintiff's omission does not appear to be in bad faith. As the Sixth Circuit has indicated, a plaintiff is required to assert sufficient allegations to prevent "launching a case into discovery . . . 'when there is no reasonable likelihood that [they] can construct a claim from the events related to the complaint.'" *16630 Southfield Ltd. v. Flagstar Bank*, 2013 WL 4081909, at * 2 (Aug. 14, 2013) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (1955)). In this case, allowing Plaintiff to amend serves to ensure not only that this Court has jurisdiction, but provides Plaintiff with a final chance to allege sufficient factual allegations to permit discovery. Finally, the Sixth Circuit has held that leave to amend is appropriate in some cases, even in absence of a motion to amend. *Brown v. Matauszak*, 415 Fed. Appx. 608, 616 (6th Cir. 2011). As the Sixth Circuit has also noted, "at least three circuits have held that if a complaint is vulnerable to a motion to dismiss, a district court must first permit the plaintiff to file a curative amendment, *even if* the plaintiff does *not* seek leave to amend." *Id.* (internal citations omitted). Thus, under these circumstances, leave to amend is appropriate.

Plaintiff fails to properly allege subject matter jurisdiction in either complaint. "It is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v. Taubman Ctr., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004). For diversity purposes a corporation's citizenship is considered both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). In this matter, Plaintiff has not pleaded the citizenship of all seven Defendants. (DE 1). In fact, Plaintiff pleads the required information for only two of the seven Defendants. (DE 1). Subject matter jurisdiction is required for a federal court to hear a case, and thus, courts "have an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* However, in the instant case, Plaintiff fails to allege enough facts to determine whether diversity exists. Of particular concern is Plaintiff's reference to California addresses in its complaint. (DE 1). If any Defendant in this matter is, or was when it existed, incorporated in

3

California or has a principal place of business in California, diversity would be destroyed because Plaintiff is a citizen of California. Thus, Plaintiff must submit an amended complaint properly alleging diversity of all Defendants from all members of Plaintiff, LLC.

Finally, Plaintiff fails to assert claims against all Defendants. In fact, Plaintiff's complaint focuses only on one of seven Defendants. (DE 1). In its amended complaint, Plaintiff must allege facts to support wrongdoing as to each Defendant. After Plaintiff has filed an amended complaint, Defendants may reassert all applicable arguments in a motion to dismiss.

### III. Conclusion

For the above stated reasons, IT IS HEREBY ORDERED as follows:

(1) Defendants' motion to dismiss (DE 17) is DENIED as moot;

(2) Plaintiff's motion to amend (DE 21, 26) is DENIED as futile;

(3) Plaintiff is ordered to re-amend its complaint on or before October 1, 2013, consistent with this Order.

(4) Plaintiff must incorporate all attachments and allegations in its amended complaint. This Court will consider only those claims alleged and documents filed in the new amended complaint. L.R. 15.1 of the E.D. of Tenn. (Revised March 4, 2013).

This 20th day of September, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

4

Case 3:12-cv-00625-TWP-CCS   Document 29   Filed 09/20/13   Page 4 of 4   PageID #: 220