UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

JIM SCHUMACHER, LLC )
)
    Plaintiff, )
)
v. ) No. 3:12-cv-00625-TWP-CCS
)
SPIREON, INC., )
and PROCON, INC., )
)
    Defendants. )

## **MEMORANDUM AND ORDER**

Plaintiff brings this action alleging defendants breached the parties' agreement and appropriated plaintiff's customer lists, effectively putting plaintiff out of business. Plaintiff asserts claims for breach of contract, intentional interference with contract, fraud, detrimental reliance, and unjust enrichment. Presently before the court is the defendants' motion to dismiss all claims except for the breach of contract claim. Accordingly, this memorandum addresses only the tort claims and not the breach of contract claim. For the reasons which follow, defendants' motion to dismiss the tort claims will be granted in part and denied in part.

## I. Factual Background

Plaintiff entered into a contract with Procon entitled "Sales Agreement between Procon, Inc., and Jim Schumacher, LLC." ("Agreement") on November 21, 2005. Plaintiff agreed to sell defendants' vehicle location devices and associated services. In return, defendant agreed to pay commissions to plaintiff for these sales, and the parties further agreed that all customer accounts brought in by plaintiff were to belong to plaintiff. However, plaintiff alleges that defendant began bypassing plaintiff, going directly to plaintiff's customers and selling directly to those customers. During 2009, plaintiff became aware some customers had stopped purchasing Procon devices from plaintiff and had started ordering directly from defendant due to defendant's direct solicitation of plaintiff's customers. Plaintiff alleges defendant sent postcards to plaintiff's customers enticing those customers to purchase devices directly from defendant rather than through plaintiff.

Beginning in September 2009, plaintiff contacted defendant on several occasions regarding the direct purchase issue and received repeated apologies and reassurances that it would not continue. Plaintiff accepted these apologies in good faith and continued to sell defendant's goods and services and to seek out new customers.

Plaintiff alleges in late 2009, Procon formed a new entity named Procon GPS, Inc., and operations of Procon shifted over to the new entity carrying out the same business in the same office space and using the same representatives. Plaintiff is unaware of any formal assignment of the Agreement from Procon to Procon GPS, but asserts the

new entity assumed defendant Procon's obligations under the Agreement with plaintiff. After Procon GPS began doing business with plaintiff in place of Procon, Procon GPS continued soliciting plaintiff's customers away from plaintiff.

From May 2009 to January 2011, plaintiff continued to sell defendant's products to its customers, and to solicit new customers for defendant's products and services. Around January 2011, Procon GPS called a majority of the plaintiff's remaining customers and misinformed them that plaintiff did not carry their product anymore and those customers should bypass plaintiff and buy from Procon GPS directly. Defendant quit paying sales commissions to plaintiff after March 2011. Plaintiff alleges Procon GPS changed its name to Spireon, Inc. in March of 2012, assuming all liabilities and obligations of Procon GPS and Procon. Plaintiff further alleges that Spireon continued the same course of conduct -- directly soliciting business from plaintiff's customers. Plaintiff was effectively put out of business due to the loss of customers.

Plaintiff asserts defendants are individually, as well as jointly and severally, liable as they purposely contracted with plaintiff to obtain customer lists once plaintiff had established a customer base, and to take plaintiff's customers causing economic loss to plaintiff. Plaintiff asserts claims for breach of contract, intentional interference with contract, fraud, detrimental reliance, and unjust enrichment.

Defendants move to dismiss plaintiff's tort claims on the following grounds: (1) failure to state a claim for intentional interference with contract; (2) failure to state a claim for unjust enrichment; (3) failure to state a claim for detrimental reliance; (4) failure to state a claim for fraud; and (5) failure to plead fraud with particularity.

## II. Standard for Rule 12(b)(6) Dismissal and Rule 9(b) Dismissal

Federal Rule of Civil Procedure 12(b)(6) authorizes defendants to move to dismiss a complaint for a "failure to state a claim upon which relief can be granted." The claim must be more than a conclusory allegation as there must be a statement of the claim showing "the pleader is entitled to relief." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). The plaintiff must plead factual content that "allows the court to draw a reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009). In other words, there must be sufficient facts to state a claim for relief that is "plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). The factual allegations in the complaint must be regarded as true and the claim will only be dismissed if there is no set of facts that the plaintiff could prove that would entitle the plaintiff to relief. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

The pleading standard set forth in *Twombly* and *Iqbal* for Fed. R. Civ. P. 8(a) requiring a "short and plain statement" for relief is a less stringent standard than the standard required for pleading fraud in 9(b). Rule 9(b) requires that a plaintiff "allege the time, place, and content of the alleged misrepresentations on which plaintiff relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2006). At a minimum, Rule 9(b) requires that the plaintiff specify the "who, what, when, where, and

how" of the alleged fraud. *See Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).

### III. Analysis

Defendants move to dismiss plaintiff's claims for intentional interference with contract, unjust enrichment, detrimental reliance, and fraud, asserting that plaintiff failed to bring the claims within the applicable statute of limitations, and for failure to state a claim upon which relief can be granted.

####     A.    **Intentional interference with contract**

#####         1.    **Statute of Limitations**

Plaintiff alleges defendants are liable for intentional interference with contract because defendants acted in concert to intentionally interfere with contracts that plaintiff had with its customers by using plaintiff's customer lists to solicit plaintiff's customers to buy from defendants directly; misrepresented information about plaintiff to convince customers to buy from defendants; and purposefully undercut plaintiff's pricing to prevent plaintiff from being competitive with defendants.

Claims for interference with contract are governed by Tenn. Code Ann. § 28-3-105, which provides that an action must be commenced within three years from the accrual of the cause of action. *Tigg v. Pirelli Tire Corp.,* 232 S.W.3d 28, 31 n.1 (Tenn. 2007). Tennessee courts apply the "discovery rule," which provides that a cause of action accrues when the plaintiff knows, or in the exercise of reasonable care and

diligence should know, that an injury has been sustained as a result of wrongful or tortious conduct by a defendant.

Defendants argue, based on the allegations of the Amended Complaint, the alleged interference had occurred by late 2009. Plaintiff knew of its loss of customers and the causal connection to defendants' conduct by May 2009 and no later than September 2009. Defendants assert under Tennessee's single injury rule, defendants' alleged interference with plaintiff's customers gives rise to one indivisible claim for damages. Plaintiff filed the original complaint on December 3, 2012, and failed to bring suit within three years of the accrual of its cause of action, so defendants argue the claim is time-barred.

Defendants rely on the single injury rule that states one tortious act may be made up of multiple actions occurring over a period of time. *Middle Tenn. Occupational & Envtl. Med., Inc. v. First Health Group Corp.*, No. 3-05-0218, 2005 WL 3216282, at *3 (M.D. Tenn. Nov. 28, 2005). Read in conjunction, the single injury and discovery rules hold that when a plaintiff discovers an injury and that it was caused by the defendant, the cause of action has accrued and the plaintiff cannot bring suit any later than the applicable statute of limitations allows even if plaintiff continues to let the injury happen. *Id.* at *4. However, the court finds that defendants' reliance upon the single injury rule is misplaced to the extent that the rule bars all of plaintiff's claims, regardless of when the claims occurred. Assume plaintiff had 100 customers and defendants wrongfully appropriated 5 of those customers in 2009. Later, in 2010, defendants wrongfully appropriated 90 customers. Applying the single injury rule would result in an unjust

Page 6 of 16

Case 3:12-cv-00625-TWP-CCS   Document 39   Filed 07/14/14   Page 6 of 16   PageID #: 383

result and reward defendants for later tortious conduct. The court does not believe that is the intent of the rule, but rather finds the rule would operate to bar recovery for damages resulting from the appropriation of the 5 customers in 2009. Therefore, the court finds application of the single injury rule to bar claims accruing inside the limitations period inappropriate under these circumstances.

If the three-year statute of limitation is applicable, plaintiff contends defendants fraudulently concealed the injury (thus tolling the statute of limitations) by methodically acquiring plaintiff's customer base while representing to plaintiff that defendants were going to stop soliciting plaintiff's customers. Plaintiff relies upon defendants' apologies and promises that the customer-taking activity would cease. Defendants claim that the applicable statute of limitations should not be tolled based on fraudulent concealment because defendants did not conceal plaintiff's injury.

In Tennessee, the doctrine of fraudulent concealment works with the discovery rule. *See Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 462-463 (Tenn. 2012). This doctrine tolls the statute of limitations if either the plaintiff does not know it has been injured or does not know by whom it has been injured. *Id.* Plaintiff must allege the following elements: (1) the defendant affirmatively hid the plaintiff's injury, wrongdoer's identity, or failed to disclose material facts about the injury despite a duty to disclose; (2) despite reasonable care and diligence, the plaintiff could not have discovered the injury or wrongdoer's identity; (3) the defendant knew both that the plaintiff was injured and the wrongdoer's identity; and (4) the defendant concealed material information from the plaintiff by withholding information or making use of

some device to mislead the plaintiff. *Id.* Once the plaintiff discovers or should discover the fraudulent concealment or facts to put the plaintiff on actual or inquiry notice of the claim through reasonable diligence, then the statute of limitations is no longer tolled by fraudulent concealment. *Id.* at 463.

For the plaintiff to "not have discovered the injury or identity of the wrongdoer despite reasonable care and diligence," as stated in the second element, the plaintiff must have done more than solely rely upon reassurances by the defendant. *See In re Merrill Lynch Ltd. P'ships Litigation*, 7 F. Supp. 2d 256, 274-75 (S.D.N.Y. 1997). "Once a plaintiff becomes aware of direct contradictions between the defendant's representations and other materials available to the plaintiff, 'plaintiffs [are] thereby left with reason to be suspicious of defendant, [and] it [is] no longer reasonable for them to defer to [the defendant's] representations.'" *Id.* at 275 (quoting *Addeo v. Braver,* 956 F.Supp. 443, 451–52 (S.D.N.Y. 1997). Acts that would deceive a reasonably diligent plaintiff will toll the statute, but plaintiffs who delay unreasonably in investigating suspicious circumstances will be barred by the statute of limitations. *See, e.g. Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 447 (6th Cir. 2012). If a court finds that, by exercising reasonable care and diligence, a plaintiff should have discovered the cause of action, then the fraudulent concealment doctrine does not apply. *See Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 625 (Tenn. 2002).

Plaintiff alleges it discovered defendants were contacting its customers in 2009, and realized that some of its customers were directly buying devices from defendants because of defendants' direct solicitation. As early as September 2009, plaintiff

contacted defendants' representatives regarding the direct purchase problem, and defendants issued an apology and assured plaintiff that it would not happen again. Plaintiff continued to sell defendants' devices until January 2011, when plaintiff alleges defendants contacted a "high percentage" of its customers to solicit their business directly, telling the customers that plaintiff no longer sold Procon devices. Plaintiff alleges the stealing of customers by defendants continued until 2011.

Plaintiff does not allege the injury was concealed, but that the defendant made representations that defendant would cease contacting plaintiff's customers. Plaintiff alleges that the representations and reassurances made prior to January 2011 (when a high percentage of customers were taken) meet the criteria for fraudulent concealment. The court disagrees. Plaintiff knew of the injurious conduct by defendants in 2009. Neither the fact of injury, nor the wrongdoer's identity, were concealed from plaintiff. The court finds this was not fraudulent concealment and thus, the statute of limitations was not tolled under the doctrine. As stated previously, the statute of limitations for plaintiff's claims for interference with contract is three years. Plaintiff filed the original complaint on December 3, 2012. Accordingly, any claims accruing prior to December 3, 2009 are time-barred. To the extent that plaintiff alleges wrongdoing by defendants occurring after December 3, 2009, those claims fall within the limitations period and survive the motion to dismiss.

### 2. Contracts with customers

Defendants aver that plaintiff failed to sufficiently plead that valid contracts existed between plaintiff and its customers. Plaintiff bases the intentional interference

claim on allegations that defendants tortiously interfered with contracts between plaintiff and its customers. The defendants allegedly utilized plaintiff's customer lists to solicit plaintiff's customers to sell products to those customers directly, and to misrepresent plaintiff's ability to service customers to increase the likelihood that customers would order directly from defendants.

To be successful on an intentional interference claim in Tennessee, the plaintiff, among other requirements, must plead an enforceable contract. *HTC Sweden AB v. Innovatech Products & Equip. Co.*, 3:07CV232, 2008 WL 4510710 at *5 (E.D. Tenn. Sept. 30, 2008). Defendants assert plaintiff did not attach any contracts to its complaint, did not allege when the contracts were formed, or with whom it had contracts. Instead, plaintiff merely alleged that it had contracts with numerous customers.

The amended complaint states plaintiff had valid contracts with customers for defendants' devices and services, and that defendants improperly solicited plaintiff's customers to buy directly from defendants. Plaintiff contacted defendants regarding the direct purchase issue, relying on the provision in the Agreement whereby the parties agreed that plaintiff's customers belonged to plaintiff alone. Plaintiff alleges that defendants acted in concert to intentionally interfere with the contracts between plaintiff and numerous customers by using plaintiff to gain access to those customers; contacting plaintiff's customers directly via postcard advertising, telephone contact, or in person; misrepresenting plaintiff to those customers by stating that plaintiff was no longer selling defendants' products; repeatedly refusing to lower the sales price to plaintiff so as to prevent plaintiff from being competitive with the direct pricing offered to customers; and

deliberately undercutting plaintiff's pricing for those customers so as to prevent plaintiff from being competitive. The court finds that these allegations are sufficient to withstand the motion to dismiss, and defendants' motion will be denied.

### B. Unjust Enrichment

Plaintiff claims the defendants are liable for unjust enrichment because defendants stole plaintiff's customers and quit paying their agreed upon commissions to plaintiff. Defendants assert plaintiff's claim for unjust enrichment fails because plaintiff alleges the existence of an enforceable contract. Plaintiff responds that although there was an enforceable contract for plaintiff to sell defendants' products and services, there was no express contract for plaintiff to turn over its customer base to defendants without compensation for defendants' sole benefit. Plaintiff asserts defendants received a benefit from plaintiff, and it would be inequitable for defendants to retain that benefit.

To establish an unjust enrichment claim, the plaintiff must have conferred a benefit upon the defendant and not been given just compensation for that benefit. *United States v. Goforth*, 465 F.3d 730, 734 (6th Cir. 2006). In Tennessee, unjust enrichment is applied in the absence of a contract. *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998); *see also World Healthcare Sys., Inc. v. SSI Surgical Servs., Inc.*, 1:10CV60, 2011 WL 2199979 (E.D. Tenn. June 7, 2011). "Courts will impose a contractual obligation under an unjust enrichment theory when: (1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation." *Id.* Unjust enrichment applies when there is no contract, express or implied in fact, to prevent a

Page 11 of 16

Case 3:12-cv-00625-TWP-CCS   Document 39   Filed 07/14/14   Page 11 of 16   PageID #: 388

party from keeping money that they justifiably should not keep. *Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009).

Plaintiff's claim for unjust enrichment will be dismissed because plaintiff has alleged the existence of and seeks to enforce the contractual obligations between plaintiff and defendants precluding defendants from taking plaintiff's customers and requiring defendant to pay commissions to plaintiff. Because plaintiff alleges that the parties have a valid contract, the claim for unjust enrichment based on loss of customers and withholding sales commissions is inconsistent, and will be dismissed.

### C. Detrimental reliance

Plaintiff alleges it relied to its detriment on the promises made by defendants that plaintiff would keep any customers it already had or brought in and, later, promises by defendants that they would cease contacting plaintiff's customers. Defendants argue that plaintiff cannot pursue a claim for detrimental reliance because plaintiff alleges the existence of an enforceable contract.

In Tennessee, claims for detrimental reliance and promissory estoppel are treated the same way and the terms are used interchangeably. *See Chapman v. S. Natural Gas Co.*, No. 3:09CV224, 2011 WL 883918, at *5 (E.D. Tenn. Mar. 11, 2011). Promissory estoppel is an equitable remedy based on a quasi-contractual theory, only available when there is no valid contract between the parties. *Holt v. Macy's Retail Holdings, Inc.,* 719 F.Supp.2d 903, 913 (W.D. Tenn. 2010). Plaintiff alleges the parties entered into a valid and enforceable contract on November 21, 2005. Plaintiff allegedly relied to its detriment on the promises made by defendants in the contract that plaintiff would keep

any existing or new customers. Thus, plaintiff has alleged a valid contract between the parties covering the subject of plaintiff's customers, and the claim for detrimental reliance will be dismissed. *See World healthcare Sys. Inc., v. SSI Surgical Servs. Inc.,* 2011 WL 2199979 at *13 (E.D. Tenn. Jun. 7, 2011) (dismissing plaintiff's claim for promissory estoppel because plaintiff did not dispute whether there was a valid contract).

### D. Fraud

#### 1. Statute of limitations

The parties agree that the three-year statute of limitations found in Tenn. Code Ann. § 28-3-105 applies to plaintiff's fraud claim. Therefore, plaintiff's claim must have been commenced within three years from the accrual of the cause of action. A cause of action for fraud or misrepresentation accrues when plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered the injury and its cause. *Med. Educ. Assistance Corp. v. Mehta,* 19 S.W.3d 803, 817 (Tenn.Ct.App. 1999).

Plaintiff avers it did not reasonably discover the harm being done by defendants until January 2011, when defendants called "a large percentage" of plaintiff's customers because of defendants' repeated apologies and reassurances that contact with plaintiff's customers would not continue. Defendants contend that plaintiff should have been put on notice in May 2009 and no later than September 2009, that plaintiff's customers were buying devices from defendants directly. Thus, plaintiff's complaint filed on December 3, 2012, is untimely, and plaintiff's claim for fraud is barred by Tenn. Code Ann. § 28-3-105. Plaintiff counters that defendants fraudulently concealed the injury, thereby tolling the statute of limitations.

As stated above, Plaintiff knew of the injurious conduct by defendants in 2009. Neither the fact of injury, nor the wrongdoer's identity, were concealed from plaintiff. Thus, there was no fraudulent concealment by defendants, and the statute of limitations is not tolled. Accordingly, plaintiff's fraud claim based on actions of defendants occurring prior to December 3, 2009, is time-barred. To the extent that plaintiff alleges wrongdoing by defendants occurring after December 3, 2009, the claim is timely, and survives the motion to dismiss.

### 2. Rule 9(b) pleading standard

Defendants assert plaintiff's claim for fraud should be dismissed for failure to plead the claim with particularity as required by Federal Rule of Civil Procedure 9.

Rule 9(b) requires a plaintiff to state with particularity the circumstances surrounding the fraud. As stated previously, this is a more stringent standard than the pleading standard set forth in Rule 8(a). Such a claim "must, at a minimum, allege the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." *Power & Tel. Supply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006).

Plaintiff's Complaint contains the following allegations:

> 23. In January 2011, Neil Fisher, sales manager for one or both of the defendants, called Mr. Schumacher and said he had found out that plaintiff was also selling a competitor's product. Mr. Schumacher replied that the Agreement did not prohibit him from selling a competitor's product. Mr. Fisher admitted he knew that Plaintiff had a special agreement that no one else had, that Plaintiff was free to do what it wanted, and they would "see what happened."

24. Immediately thereafter, even though Plaintiff and Defendants were still working under the Agreement, Procon GPS, Inc., presently known as Defendant Spireon, Inc., and its representatives called a majority of Plaintiff's current and previous customers and mislead them stating either that Plaintiff was no longer selling the devices or that the customers should bypass Plaintiff and that the customers should buy the devices directly from Defendants. . . .

43. Plaintiff avers that the Defendants are liable to the Plaintiff for fraud and misrepresentation. Defendant Procon, Inc., knowingly and intentionally contracted with Plaintiff in order to use Plaintiff to gain access to Plaintiff's customers for its own benefit and subsequently that of Procon GPS, Inc., now known as Defendant Spireon, Inc. Plaintiff revealed its customer lists to Defendants in reliance on the promise that those customers would belong to Plaintiff. Defendants, acting individually and in concert, also went directly to Plaintiff's customers, misrepresented Plaintiff's status with Defendants by lying to the customers and making untruthful statements that Plaintiff was no longer selling the product and/or that the customers should bypass Plaintiff and buy directly from Defendants, and unlawfully took those customers from Plaintiff. When confronted about these practices by Plaintiff, Defendants' representatives assured Plaintiff that these practices would be investigated and ultimately, would cease. However, Defendants continued these practices to Plaintiff's detriment. Accordingly, Defendants are liable to the Plaintiff for compensatory and punitive damages.

[R. 31]. The court finds that plaintiff has adequately alleged the content of the misrepresentations (plaintiff was no longer selling the devices and/or that the customers should buy directly from defendants); how the misrepresentations occurred (via telephone and mailings); the time frames in which the misrepresentations occurred; and the injury that resulted (the loss of the majority of plaintiff's customers and business. Plaintiff's claim for fraud satisfies all necessary requirements, and defendants' motion to dismiss the claim will be denied.

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss [Doc. 32] is **GRANTED in part and DENIED in part** as follows:

1. Plaintiff's claims for intentional interference with contract which accrued prior to December 3, 2009 are **DISMISSED**. The motion to dismiss is **DENIED** as to plaintiff's claims for intentional interference with contract which accrued after December 3, 2009.

2. Plaintiff's claim for unjust enrichment is **DISMISSED.**

3. Plaintiff's claim for detrimental reliance is **DISMISSED.**

4. Plaintiff's claims for fraud which accrued prior to December 3, 2009 are **DISMISSED**. The motion to dismiss is **DENIED** as to plaintiff's claims for fraud which accrued after December 3, 2009.

**IT IS SO ORDERED.**

s/ Thomas W. Phillips<br>
Senior United States District Judge